## SUPREME COURT.

### Woonsocket Rubber Company agt. Rubber Clothing Company.

*Extra allowance — to be allowed both upon the amount of the recovery and the amount of the counter-claim — Code of Civil Procedure, section 3253.*

In cases concededly difficult and extraordinary, section 3253 of the Code of Civil Procedure will authorize an extra allowance to the plaintiff not only upon the sum recovered in the action, but upon the basis of the defendant's counter-claim determined against him. ·

*Special Term, November,* 1881.

Motion for allowance.

*George B. Ashley,* for the motion.

*Reynolds & Stearns,* opposed.

Potter, *J.* — This is a motion for an extra allowance upon a recovery upon the claim set out in the complaint, and also upon a counter-claim set forth in the defendant's answer arising out of an alleged breach of warranty in regard to a certain portion of the goods sold by plaintiff to defendant, and which were sent to and received by the defendants at San Francisco, amounting to some $6,000.

The trial involved the labor of proving the sale and delivery of goods amounting to between $600,000 and $700,000, and extending through several years and embracing a great number of transactions.

The defendants concede it was a difficult and extraordinary case, and that plaintiff is entitled to an extra allowance upon the sum recovered in the action under section 3253, Code Civil Procedure, but the defendants contend that plaintiff is

not entitled to an allowance upon the counter-claim which was defeated.

The case being concededly difficult and extraordinary, the only question is whether section 3253 will authorize an allowance to the plaintiff upon the basis of this defendant's counter-claim determined against him.

I am referred to no adjudicated case upon this point, but I am inclined, both from the language and the reason of that section, to hold that plaintiff is entitled to an allowance upon both the amount of the recovery and the amount of the counter-claim in this action.

The language is: "The court may award, in its discretion, to any party, a further sum, as follows: * * * a sum not exceeding five per centum upon the sum recovered or claimed."

The words employed — "recovered" and "claimed" — are equally applicable to recoveries by the plaintiff and by the defendant, and so of claims made by plaintiff and by defendant.

Under the provisions of law as they now exist (intended to avoid a multiplicity or circuity of actions), a claim by the plaintiff against the defendant and a claim by the defendant (called a counter-claim to characterize it) against the plaintiff, may be embraced and determined in one action. This authorizes, and may produce, in favor of either the plaintiff or defendant, a recovery.

If the plaintiff has a recovery against the defendant, it must determine these facts — that the plaintiff established a claim against the defendant and that defendant had no counter-claim, or that plaintiff's claim exceeded the defendant's counter-claim.

If the defendant has a recovery against the plaintiff, it establishes these facts in the action, that the defendant had a claim against the plaintiff and that plaintiff had no claim against the defendant, or that defendant's counter-claim exceeded plaintiff's claim.

In these actions, embracing both claims and counter-claims, the plaintiff is defendant as well as plaintiff, and defendant is plaintiff as well as defendant.

The two words "claim" and "recovery" embrace every determination in actions at law.

If the plaintiff has a claim against the defendant and the defendant has no counter-claim, the plaintiff's recovery is the measure of his claim on which to base his allowance. If the plaintiff fails in such a case and there is no recovery, then the plaintiff's claim forms the basis of the defendant's allowance.

If the case embrace both claims and counter-claims, and the claims of both are proved, then the recovery establishes amount of excess of the claims of the one over the claims of the other, and forms the basis of the allowance to be made to the party having such excess.

An allowance in such a case upon the recovery is equivalent to an allowance upon the plaintiff's claim and an allowance upon the defendant's counter-claim. The recovery represents the difference between such allowances. The scheme thus far is in effect an allowance upon the claim of both plaintiff and defendant established or defeated.

Why should not the same principle be applied to the remaining class of cases — viz., the class where the plaintiff establishes his claim and defeats the defendant's counter-claim? Manifestly it should be applied, and, if applied, the plaintiff is entitled to an allowance upon his claim which was established, and also upon the defendant's claim which was defeated.

The rule was evidently intended to reward or compensate the party who, in a difficult and extraordinary case, established or defeated a claim.

I think the case of *Vilmer* agt. *Scholl* (61 *N. Y.*, 571), while its facts are not altogether like the facts in this case, yet recognizes the rule for which plaintiff contends.

That was a case of claim and counter-claim, and a recovery

had by the defendant for a sum larger than the plaintiff's claim. The court held that the amount of the plaintiff's claim was not the basis of the defendant's allowance.

My conclusion is that the plaintiff is entitled to an extra allowance of five per cent, based upon the plaintiff's recovery, $2,221.19, and upon the defendant's counter-claim of $6,000, aggregating $8,221.19. Order accordingly.